8887

BEACH, AS GUARDIAN, v. ADDISON *ET AL.*, AS EXRS.

(82 S. E. 428.)

EXECUTORS AND ADMINISTRATORS. GUARDIAN AND WARD. PREMATURE ACTIONS. APPEAL AND ERROR.

Under 1 Code of Laws, sec. 3962, an action cannot be brought by general guardian of an infant against the personal representatives of a former guardian of the infant for an accounting, and to ascertain the amount due by his estate to the infant, within twelve months after such guardian's death. Where a question is considered on Circuit it will be presumed to have been properly before the Court.

Before GAGE, J., Hampton, October, 1913. Reversed.

Action by Lewis C. Beach, as general guardian of Florence B. Addison, against Ezekiel Williams Addison and Richard Grady Addison, as executors of J. C. Addison, deceased. From a decree for plaintiff, defendants appeal. The facts are stated in the opinion.

*Messrs. Grier, Park & Nicholson,* for appellants, cite: *Statute forbidding action within one year:* 1 Civil Code, sec. 3962. *Objection does not appear to have been waived:* 3 Cyc. 155; 53 S. C. 313; 23 S. C. 125. *This proceeding is an action:* Code Civil Proc., sec. 2; Statute construed in 3 Rich. 182; 29 S. C. 254; Harper L. 138; Nott & McC. 259; 9 S. C. 436; 7 Rich. Eq. 40; 44 S. C. 390, 391, *distinguished.* So, also, 2 Strob. 83. *The amount due the ward is a debt due and unpaid, the right to recover which is suspended by law for a certain period:* 8 Rich. Eq. 251. *Probate Court has no jurisdiction to compel executors to account for the acts of their testator as guardian:* Const. 1895, V., sec. 19, 1868, IV, sec. 20; 1 Civil Code, secs. 3765, 3767; 28 S. C. 583, 586; 25 S. C. 248; 4 Rich. L. 7; 8 Rich. Eq. 251, *do not apply to these proceedings. As to method of accounting:* 1

FOOTNOTE.—As to the right of a ward to file a claim against the estate of his deceased guardian, see note, 26 L. R. A. (N. S.) 793.

Civil Code, secs. 3766 and 3648; 2 S. C. 112; 19 S. C. 567; 3 Hill 304; 57 S. C. 42.

*Messrs. Howell & Gruber,* for respondent, submit: *This proceeding not for recovery of a debt. Purpose of statute:* 2 Nott. & McC. 528; 9 S. C. 436; 44 S. C. 390, 391. *Executors hold no interest in assets of ward:* 26 S. C. 538. *No action on administration bond until accounting has been had:* 1 Civil Code, 3766; 3 McC. 237; 4 McC. 121; 4 Rich. L. 5; 25 S. C. 248; *Ib.* 586; 64 S. C. 290.; 2 Strob. Eq. 85. *That the executors may be required to account within the year:* 23 N. E. 1054. *As to jurisdiction of probate Court:* 1 Civil Code, sec. 3767; 9 Enc. Pl. & Pr. 956; 11 Am. & Eng. Ency. Law 1182; 8 Am. St. Rep. 683. *Annual returns ex parte only:* 15 Am. & Eng. Ency. Law (2 ed.) 114; 11 *Ib.* 1184, and note; 41 S. C. 493; 2 McC. Ch. 196.

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

J. C. Addison, guardian of Florence B. Addison, an infant, died on the 26th December, 1912. Lewis C. Beach was appointed guardian in his stead on the 16th January, 1913. J. C. Addison left a will, in which the appellants were appointed executors. The record does not show the date of the probate of the will, but it could not have been before the death of the testator, J. C. Addison, to wit, 26th December, 1912. On the 10th February, 1913, Lewis C. Beach commenced suit in the probate Court for Hampton county in which he alleged:

"That your petitioner is advised and believes, and so alleges, that it is necessary that the said Ezekiel Williams Addison and Richard Grady Addison, as executors of the estate of the said J. C. Addison, deceased, should be cited to appear before this Honorable Court and render a true and correct account of the actings and doings of the said J. C. Addison, deceased, as general guardian of the infant, Flor-

ence B. Addison, to the end that the amount due the said Florence B. Addison by the estate of the said J. C. Addison, deceased, as general guardian as aforesaid, may be ascertained by judgment and decree of this Honorable Court, and judgment and decree rendered therefor."

The prayer of the petition asks that the amount due "be ascertained and judgment and decree rendered by this Honorable Court, fixing and adjudicating such amount."

The appellants answered and pleaded to the jurisdiction of the Court in that the suit had been commenced within the year. The probate judge said in his decree that the question was abandoned at the hearing before him, but the Circuit Judge passed upon the question and we must assume that the question was properly before him. Both appellant and respondent argued the question before this Court and we must consider it. The Circuit Judge overruled the plea to the jurisdiction and the executors appealed.

The question is, could the Court entertain jurisdiction of a suit like this within twelve months from the date of the death of the intestate?

The statute (1 Code of Laws 1912, sec. 3962) reads: "No action shall be commenced against any executor or administrator for the recovery of the debt due by the testator or intestate, until twelve months after such testator or intestate's death."

This was an action for a debt; the amount to be ascertained by an accounting. This is not an action for specific personal property. It is not an action to enforce a lien, with no demand for a judgment for a deficiency. The proceeding is to obtain a judgment for a debt brought within the twelve months. No other questions arise. Any other finding would be a nullity.

Judgment reversed.

MR. JUSTICE GAGE was disqualified and did not sit in this case.